**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTINA JORDAN, PH.D.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:26-cv-2689** |
| | § | |
| **UNIVERSITY OF TEXAS –** | § | |
| **SOUTHWESTERN** | § | |
| **MEDICAL CENTER** | § | |
| **Defendant.** | § | |

**PLAINTIFF CHRISTINA JORDAN PH.D.'S ORIGINAL COMPLAINT**

To the HONORABLE JUDGE of said court, now comes Plaintiff Christina Jordan's, through his counsel, and files this Original Complaint under Title VII of the Civil Rights Act of 1964.

**NATURE OF THE ACTION**

1. This is an action to halt and seek redress for race and/or national origin discrimination taking place under the guise of a reduction in force in violation of Title VII of the Civil Rights Act of 1964.

2. Title VII prohibits discrimination on account of numerous protected classifications, including race and national origin. *See* 42 U.S.C. §§ 2000e, *et seq*. Title VII protects state employees who work for governmental agencies like UTSW as well as persons employed by private employers. *See* 42 U.S.C. §§ 2000e (a) and (b).

**PARTIES, JURISDICTION AND VENUE**

3. Plaintiff Christian Jordan, a black female of African American national origin, is a resident and citizen of the State of Texas and of the United States. At all times relevant to this Complaint, Plaintiff was employed by the University of Texas Southwestern Medical

Center (UTSW) within the Department of Psychology Center for Depression Research and Clinical Care.

4. Defendant University of Texas Southwestern Medical Center (UTSW) may be served as serving the University President in his official capacity as follows:

Hon. **Daniel K. Podolsky, M.D.**, President
c/o Office for Legal Affairs
UT Southwestern Medical Center
Dallas, Texas 75390-9008

5. This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 2000e, *et seq*. and 29 CFR § 1614.407 in that Plaintiff complains of race and national origin discrimination and timely filed a Complaint with the EEOC on Monday April 13, 2025. Three days later, Plaintiff amended her charge of discrimination. Both the original and amended charges of discrimination were filed through the Dallas EEOC Attorney filing email address. Since that time, Plaintiff has received a right to sue letter and files this matter within 90 days of that letter being signed and received.

6. Venue in this Court is proper under 28 U.S.C. §1391, *inter alia*, because Plaintiff worked for UTSW in Dallas, Texas, and thus "a substantial part of the events or omissions giving rise to the claim occurred" within the Eastern District of Texas and the Sherman Division.

**FACTUAL ALLEGATIONS**

7. Dr. Jordan was informed on June 16, 2025, that she her position was potentially eliminated. Dr. Jordan's EEOC Charge was accordingly timely filed on Monday April 13, 2026.

8. The alleged basis for her termination was a reduction in force due to a departmental restructuring. In her termination letter, UTSW alerted Jordan to the fact that she could file a grievance as follows:

> You also have the right to grieve the decision to eliminate your position pursuant to the *Handbook of Institutional Policies and Operating Procedures* EMP-451: Reduction in Force (copy attached). Your grievance is limited to claims that: 1) a financial exigency does not exist; 2) the reorganization is not bona fide; 3) a comparison of your qualifications and performance with those of employees who were retained shows that the selection of the retained employees was arbitrary and without reason; or 4) the termination was made for reasons that are unlawful under state or federal laws or constitutions. You may submit your written appeal to Tarek K. Rajji, Professor and Chair, at Tarek.Rajji@UTSouthwestern.edu , with a copy to Senior Employee Relations Consultant, Wanda Taylor at wanda.taylor@utsouthwestern.edu, within 10 working days of your receipt of this letter. You are responsible for clearly stating the facts that support your allegations, and for proving your allegations.

9. Jordan took advantage of the grievance process, but to no avail.

10. Plaintiff's initial grievance that was filed on June 25, 2025. In this grievance Plaintiff asserted that (1) a financial exigency did not exist: (2) the reorganization was not bona fide; (3) a comparison of my qualifications and performance with those of employees who were retained showed that the selection of the retained employees was improper; and (4) the plaintiff's termination was made for reasons that are unlawful under state or federal laws or constitutions. [1]

11. This grievance was denied by letter dated July 15, 2025.

12. Plaintiff's second grievance was timely filed on July 19, 2025. In this second grievance Plaintiff again asserted that (1) a financial exigency did not exist: (2) the reorganization was not bona fide; (3) a comparison of my qualifications and performance with those of employees who were retained showed that the selection of the retained employees was improper; and (4) the plaintiff's termination was made for reasons that are unlawful under state or federal laws or constitutions.

13. As detailed in both of Plaintiff's grievances, the evidence in this case will show that (1) a financial exigency did not exist: (2) the reorganization was not bona fide; (3) a

---

[1] At this time, Plaintiff is required to file her Title VII claim and reserves the right to timely amend under federal whistleblower laws related to the fourth grounds for her grievances.

comparison of my qualifications and performance with those of employees who were retained showed that the selection of the retained employees was improper.

14. Indeed, upon information and belief, discovery will show that.

a. Plaintiff, a Black/African American female, was replaced by a female was national origin was from the Indian subcontinent, and the person who made the decision to redraft Plaintiff's job description and who hired Plaintiff's replacement was also of the Indian Subcontinent and he served as the Cat's Paw for UTSW's discrimination.

b. Far from Plaintiff's position being eliminated, her position was elevated to a higher paying position that required more experience than Plaintiff possessed

c. Indeed, as a result of the alleged reduction in force, the number of persons employed in the Department from the Indian subcontinent increased, and the number of persons of other ethnicities and/or national origins decreased.

d. Even more, far from saving money, within a year of the so-called RIF, discovery will show that the net number of persons in the department increased and the net salary for persons in the department increased.

15. Accordingly, UTSW used the false guise of a RIF to engage in unlawful discrimination against Plaintiff (and potentially others of non-Indian race or national origin).

## LEGAL BACKGROUND

16. The fact that an employee was allegedly terminated as part of a RIF is not a defense to illegal discrimination, and the employer's process of selecting which employees to lay off and which employees to retain may be subject to statistical scrutiny. See *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1098 (5th Cir. 1994) (remanding RIF case for retrial and

holding "the trial court in reduction in force cases is to 'focus not on why employees, in general, were discharged, but instead why the plaintiff rather than another employee was discharged.'" Citation omitted).

17. Federal law makes it clear that even if otherwise bona fide, a corporate restructuring or RIF is not a blank check for discrimination because there are many ways that a restructuring or a RIF can be abused as a pretext for discrimination. *See E.E.O.C. v. Manville Sales Corp.* , 27 F.3d 1089, 1098 (5th Cir. 1994); *see also Lay v. Singing River Health Sys.*, 190 F. Supp3d 599 (S.D. Miss. 2016) (treating restructuring and RIF as similar events legally).

18. When the plaintiff-employee asserts discrimination from a restructuring or a RIF, the Fifth Circuit has held that the trial court should "focus not on why employees, in general, were discharged, … but instead [on] why the plaintiff rather than another employee was discharged." *See, Manville Sales Corp.,* 27 F.3d at 1098*,* citing *Thornbrough v. Columbus and Greenville Railroad Co.,* 760 F.2d 633, 644 (5th Cir.1985).

19. Employees terminated in a RIF can prove a violation of Title VII under the intentional discrimination theory known as "disparate treatment." In disparate treatment RIF cases, the Fifth Circuit has held the terminated employee can show intentional discrimination by producing "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Williams v. General Motors Corp.,* 656 F.2d 120, 129 (5th Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982). *See also Molnar v. Ebasco Constructors, Inc.,* 986 F.2d 115, 118 (5th Cir.1993). For example, the employee terminated in a RIF may establish that an improper motive "tipped the balance" in favor of his or her termination. *Krchnavy v. Limagrain Genetics Corp.,* 294 F.3d 871, 876 (7th Cir.2002).

20. Alternatively, an employee in a RIF case may also attempt to use the Cat's Paw theory of discrimination to show that the otherwise objective criteria used for making the decision on who would be laid off was affected by the discrimination of others embedded within the criteria. *See, e.g., Roberson v. Alltell Inf. Serv.*, 373 F.3d 647 (5th Cir. 2004).

21. Additionally, strategically reassigning an employee's duties in an alleged RIF is not a defense as detailed by the recent Fifth Circuit case of *Spears v. Louisiana College*, 20-30522, 2023 WL 2810057 (5th Cir. Apr. 6, 2023). In the *Spears* case, Spears was a tenured college professor who claimed she was discriminated against when her employment contract with the college was not renewed and her teaching and administrative duties were redistributed to others. When Spears filed a federal employment discrimination lawsuit, the district court awarded the college summary judgment because it found Spears was not "replaced" by another person outside of her protected class because her job had been divided into multiple parts. The Fifth Circuit reversed, however, holding employers cannot automatically avoid liability by "fractioning" an employee's job. *See id*, at *4, citing *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997); *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992); *Hardy v. Shell Chem. Company*, 693 F.Supp.2d 611, 620, n.25 (E.D. La. 2010). In other words, spreading out an employee's job duties amongst other employees may still constitute a replacement of that person for purposes of federal employment law. *Id.*

**CLAIM FOR RELIEF**
**(Wrongful Termination Based on Race and/or National Origin )**

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. Plaintiff asserts that she was wrongfully terminated in violation of Title VII because the RIF in which she was terminated was used as a pretext to discriminate against her based on her race (Black) and/or national origin (African American).

24. As a result of said unlawful discrimination, Plaintiff has suffered and will continue to suffer harm, including compensatory damages, lost wages in the past and in the future, mental anguish, attorney fees, cost of court, pre- and post-judgment interests, and any other relief in law or equity that the Court deems just and right.

## JURY REQUEST

Plaintiff respectfully requests a trial by jury on all elements of fact or law so triable, with the submission of equitable issues to the jury as advisory requests for all issues of equity as the Court seems fit in its equitable discretion to seek jury input.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Back pay and loss of benefits in the past, understood to be legal damages, in an amount to be determined at trial by the jury;

b. Reinstating Plaintiff to a position of employment in question or one similar to it; or in the event that reinstatement is not granted under the Court's equitable powers because the Court finds reinstatement to be not feasible under the circumstances, granting an equitable award of front pay and/or loss of benefits in the future;

c. Compensatory and consequential damages, including for emotional distress, mental anguish, embarrassment, and loss of enjoyment of life;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Attorneys' fees and costs of this action; and

f. Any and all such further relief in law or in equity as the Court deems just and right.

Respectfully Submitted,

/s/ Eric N. Roberson

Eric N. Roberson
Texas State Bar No. 00792803
Glast Phillips Murray Zoplosky, P.C.
14901 Quorum Drive, Suite 300
Dallas, Texas 75254
eroberson@gpmz-law.com
(972) 419-8300 – Main Telephone
(972) 419-7110 – Direct Line
(972) 419-8329 – Telecopier

**ATTORNEY FOR PLAINTIFF**
**CHRISTIAN JORDAN, Ph.D.**